**McGLINCHEY STAFFORD**
Brian A. Paino (SBN 251243)
Adam S. Hamburg (SBN 247127)
Sanford P. Shatz (SBN 127229)
18201 Von Karman Avenue, Suite 350
Irvine, California 92612
Telephone:  (949) 381-5900
Facsimile:  (949) 271-4040
Email:  bpaino@mcglinchey.com
  ahamburg@mcglinchey.com
  sshatz@mcglinchey.com

Attorneys for *Plaintiff* CONSOLIDATED RESOURCES, INC.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>DON ROSE OIL CO., INC., a California corporation,<br><br>Debtor. | Case No.: 6:19-ap-01160-WJ<br><br>Chapter 7 |
| CONSOLIDATED RESOURCES, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>DRO BARITE, LLC, a Delaware limited liability company; SALLYPORT COMMERCIAL FINANCE, LLC, a Delaware limited liability company; IDEMITSU APOLLO CORPORATION, a New York corporation; HAPPY ROCK MERCHANT SOLUTIONS, LLC, a New Jersey limited liability company; ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE BARITE MINERAL RIGHTS DESCRIBED IN THE COMPLAINT ADVERSE TO CONSOLIDATED RESOURCES, INC.'S TITLE, OR ANY CLOUD UPON CONSOLIDATED RESOURCES, INC.'S TITLE THERETO; and DOES 1 THROUGH 50 INCLUSIVE,<br><br>Defendants. | **CONSOLIDATED RESOURCES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER REMANDING ACTION TO STATE COURT OR ABSTAINING FROM ASSERTING JURISDICTION**<br><br>*Removed from San Bernardino County Superior Court Case No. CIVDS 1931070*<br><br>**Hearing:**<br>Date:  December 19, 2019<br>Time:  1:30 p.m.<br>Place:  US. Bankruptcy Court<br>  3420 Twelfth Street<br>  Courtroom 304<br>  Riverside, CA 92501<br><br>Filed concurrently with:<br>Notice of Motion<br>Motion for Order to Remand<br>Request for Judicial Notice |

## I.   INTRODUCTION

Sallyport Commercial Finance, LLC ("Sallyport") initiated this adversary proceeding by removing *plaintiff* Consolidated Resources, Inc.'s ("Consolidated") Verified Complaint for Quiet Title (the "State Court Complaint") from state court. It contends that this Court has jurisdiction over the State Court Complaint pursuant to 28 U.S.C. § 1334(b). In short, Sallyport alleges that the claims alleged in the State Court Complaint are "related to" a bankruptcy proceeding that is currently pending in the U.S. Bankruptcy Court for the Eastern District of California (the "Eastern District Bankruptcy Court"), entitled *In re Don Rose Oil Co., Inc.*, Case No. 17-12389-A-11 (the "DRO Bankruptcy").

As an initial matter, Sallyport wrongly suggests that the claim in the State Court Complaint was previously dismissed *with prejudice*. Not only is this suggestion false, but it ignores the Eastern District Bankruptcy Court's careful consideration and rejection of this very argument. Another misstatement contained within Sallyport's removal papers is that this action represents an impermissible attempt at claim-splitting. The claim splitting doctrine has no application to this case. Regardless, Sallyport has not met its burden of establishing that this Court has "related to" jurisdiction over the State Court Complaint. Even if the Court has "related to jurisdiction," nearly all of the relevant criteria for equitable remand are present in this case. For this reason, as explained more fully herein, the removed action should be remanded back to state court.

## II.   FACTUAL AND PROCEDURAL SUMMARY

### A.   THE MINERAL RIGHTS

This case has its origins in certain Barite Mineral Rights (the "Mineral Rights") that Plaintiff acquired in February of 2002. (*See* State Court Complaint, ¶ 14). As of June 11, 2007, an individual named Don Rose ("Rose") held 100% of Plaintiff's stock. (*See id.* at ¶ 15). All of Rose's shares in Plaintiff were pledged as collateral for a loan that Kodiak Mining & Minerals II, LLC ("Kodiak") made to Plaintiff in January of 2012. (*See id.* at ¶ 16). Following Plaintiff's default on the loan, on or about March 8, 2013, Kodiak foreclosed its interest in the shares and became Plaintiff's sole shareholder. (*See id.* at ¶17). By virtue of this transfer of shares, Rose was divested of any right or authority to act on Plaintiff's behalf. (*See id.* at ¶ 18).

### B. THE INITIAL FRAUDULENT CONVEYANCES

The loss of his shares in Plaintiff was only the beginning of the financial devastation Rose would eventually encounter. By way of background, Rose and his wife founded Don Rose Oil Co. ("Don Rose Oil") in 1975 and were in the business of distributing diesel, gasoline, propane, and other oil products. (*See* State Court Complaint, ¶ 20). Through their hard work, the Roses were able to grow their business to the point of nine-figure revenues by the year 2013. (*See id.* at ¶ 20). As fate would have it, the Roses experienced a downturn in their business and their desperation to save the business eventually led them to an individual named John Castellucci ("Castellucci"). (*See id.* at ¶ 21). Recognizing the Roses' desperation, Castellucci implemented a scheme to take over majority control of Don Rose Oil. (*See id.* at ¶ 21). Once he acquired majority control over the company, he leveraged the company's assets to obtain various forms of financing that would ultimately lead to the company's downfall. (*See id.* at ¶¶ 22-24).

As it relates to Plaintiff, Castellucci's plan included a scheme to create a fictitious revenue stream on Don Rose Oil's books evidenced by a wholly unenforceable and void promissory note (the "Void Note") purportedly made by Plaintiff in favor of Don Rose Oil, dated July 31, 2014. (*See* State Court Complaint, ¶ 25). This note was purportedly signed by Rose on behalf of Plaintiff, despite the fact that he: (1) lacked the authority to enter into the transaction on behalf of Plaintiff (a fact that was known to Castellucci); and (2) did not understand the legal significance of the documents he was signing. (*See id.* at ¶ 25). Of particular significance is the fact that the Void Note was purportedly secured by the Mineral Rights. (*See id.* at ¶ 25).

With the Void Note and corresponding collateral on its balance sheet, Don Rose Oil was able to obtain a $7.25 million revolving and term loan facility from Siena Lending Group, LLC ("Siena"). (*See* State Court Complaint, ¶ 29). Siena knew or should have known that the Void Note was invalid and unenforceable. (*See id.* at ¶ 30). Not content with merely orchestrating the creation of the Void Note, in or about July of 2015, Castellucci convinced Rose to execute a transfer agreement whereby Rose, allegedly on behalf of Plaintiff, purported to convey Plaintiff's title to the Mineral Rights to Don Rose Oil. (*See id.* at ¶32). Don Rose Oil then executed a deed of trust in favor of Siena that purported to encumber the Mineral Rights. (*See id.* at ¶ 33). Plaintiff did not authorize the transfer or

encumbrance of the Mineral Rights, and Rose did not understand the legal significance of the transfer agreement he purported to sign on Plaintiff's behalf. (*See id.* at ¶ 34).

### C. THE FORMATION OF DRO BARITE

On August 10, 2016, Castellucci formed DRO Barite, LLC ("DRO Barite") as an apparent subsidiary of Don Rose Oil. (*See* State Court Complaint, ¶ 37). Two weeks after the formation of DRO Barite, on August 24, 2016, Don Rose Oil executed a quitclaim deed whereby it purported to transfer the Mineral Rights to DRO Barite. (*See id.* at ¶ 38). Subsequently, on February 22, 2017, Siena assigned its interest in the Siena Loan to Sallyport. (*See id.* at ¶ 39). Idemitsu Apollo Corporation ("Appollo") then caused a deed of trust to be recorded against the Mineral Rights on June 6, 2017. (*See* State Court Complaint, ¶ 45). Happy Rock Merchant Solutions, LLC ("Happy Rock") thereafter caused another deed of trust to be recorded against the Mineral Rights on February 15, 2018. (*See id.* at ¶ 47).

### D. THE BANKRUPTCY & ADVERSARY

On June 22, 2017, Don Rose Oil initiated the aforementioned DRO Bankruptcy by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Eastern District Bankruptcy Court. (*See* Request for Judicial Notice ("RJN"), **Exhibit 1**). The case was subsequently converted to a chapter 7 on March 28, 2018. (*See id.*)

After the filing of the DRO Bankruptcy, on November 17, 2017, Kodiak and Hellenic Petroleum, LLC (the "Hellenic Parties") filed an adversary complaint (the "Original Complaint") against Don Rose Oil, DRO Barite, Sallyport, Happy Rock, Appollo, and Gifford's Markets, Inc.[1] (*See* RJN, **Exhibits 2-3**). Consolidated was not a party to the Original Complaint. (*See id.*) Pursuant to the Original Complaint, Kodiak sought a judicial declaration regarding the extent of its ownership interest in the Mineral Rights. (*See id.* at **Exhibit 3**). Upon the motion of Sallyport, the Eastern District Bankruptcy Court dismissed the Original Complaint on the basis that Kodiak, as a shareholder of Plaintiff, lacked prudential standing to obtain a judicial declaration that it was the owner of the Mineral Rights. (*See* RJN, **Exhibit 4**). Kodiak was given leave to amend its claims.

---

[1] Gifford's Market was dismissed from the case pursuant to a stipulation between the parties. (*See* RJN, **Exhibit 2**, Doc. 31).

(*See id.*)

On September 5, 2018, the Hellenic Parties filed a Second Amended Complaint ("SAC") that added Plaintiff as a party.[2] (*See* RJN, **Exhibit 6**). In the SAC, Consolidated asserted claims for declaratory relief, fraud, and to set aside certain instruments. (*See id.*) Upon Sallyport's motion, the Eastern District Bankruptcy Court dismissed the SAC with leave to amend. (*See id.* at **Exhibit 7**). The court's ruling was based on its determination that the SAC contained insufficient facts to demonstrate that Rose and another individual, Panagiotis Kechagias ("Kechagias") lacked the authority to execute certain documents, including a settlement agreement, on behalf of Plaintiff.[3] (*See id.*) Significantly, the Eastern District Bankruptcy Court did not *require* Plaintiff to file an amended complaint; rather, it merely *authorized* it to do so. (*See id.*)

After Plaintiff elected not to file a further amended pleading, Sallyport moved the Eastern District Bankruptcy Court to amend the dismissal order on the SAC to provide that Plaintiff's claims were dismissed with prejudice. (*See* RJN, **Exhibit 8**). The Eastern District Bankruptcy Court denied this request and expressly recognized that its ruling on Sallyport's motion had no preclusive effect. (*See id.*) At present, the only remaining claim in the SAC is the fifth count brought by Hellenic. (*See id.* at **Exhibit 6**).

### E.    THE STATE COURT COMPLAINT

On October 16, 2019, Plaintiff filed its State Court Complaint in the San Bernardino County Superior Court. This venue was chosen pursuant to section 760.050 of the California Code of Civil Procedure as: (1) the State Court Complaint contains a single claim for quiet title; and (2) San Bernardino County, California, is the county in which the Mineral Rights are located. Sallyport filed its notice removal on November 15, 2019.

---

[2] These parties filed a First Amended Complaint on August 2, 2018, that was stricken due to certain formatting errors. (*See* RJN, **Exhibit 5**).

[3] One of the primary issues being litigated in the Eastern District Bankruptcy Court is the enforceability of a settlement agreement purportedly entered into between Rose, his wife, Kechagias, Plaintiff, Hellenic, Castellucci, and Don Rose Oil, among others. Plaintiff maintains that this settlement agreement is *void* as it relates to Plaintiff as it was procured through fraud in the inception. *See Duick v. Toyota Motor Sales, U.S.A., Inc.*, 198 Cal.App.4th 1316, 1320-21 (2011) ("Fraud in the inception will render a contract wholly void, despite the parties' apparent assent to it.") (citation and internal quotations omitted). Under California law, "[a] void contract is no contract at all; it binds no one and is a merely nullity." *Fergus v. Songer*, 150 Cal.App.4th 552, 573 (2007). Thus, the agreement has no bearing on Plaintiff's claim in the State Court Complaint.

**III.   LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1452, "[a] party may remove any claim or cause of action in a civil action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Section 1334 of title 28 of the United States Code provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under [the Bankruptcy Code], or arising in or related to cases under [the Bankruptcy Code]." 28 U.S.C. § 1334(b). In turn, district courts may refer "any or all proceedings arising under [the Bankruptcy Code] or arising in or related to a case under [the Bankruptcy Code] [] to the bankruptcy judges for the district." 28 U.S.C. § 157(a). Where a district court has referred matters within the scope of section 157 to bankruptcy courts (as is the case in the Central District of California), a removal under section 1452 is made directly to the bankruptcy court. *See Marketta Development, Ltd. v. North American Funding Corp. (In re North American Funding Corp.)*, 64 B.R. 795, 796 (Bankr. S.D. Tex. 1986); *Bank of Am., N.A. v. Brennan Title Co. (In re Donoho)*, 402 B.R. 687, 691 (Bankr. E.D. Va. 2009).

Section 1452(b) provides that, with respect to an action removed to federal court, "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). Importantly, removal statutes are strictly construed against removal jurisdiction. *See Ritchey v. Up John Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998); *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citation omitted). The removing defendant always bears the burden of establishing that removal is proper. *Id.* "A federal court must 'examine the well pleaded allegations of the complaint and ignore potential defenses' in determining its jurisdiction to hear an action removed from state court." *Resler v. Helton (In re Resler)*, 2019 Bankr. LEXIS 879, at *4 (Bankr. D. Idaho 2019) (quoting *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003)).

**IV.   ANALYSIS**

    **A.   THERE ARE EQUITABLE GROUNDS FOR REMANDING THIS ACTION TO STATE COURT**

As stated above, an action removed to bankruptcy court may be remanded on "any equitable ground." 28 U.S.C. § 1452(b). This standard is an "unusually broad grant of authority [that] subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes." *McCarthy v. Prince (In re McCarthy)*, 230 B.R. 414, 417 (9th Cir. BAP 1999). Courts consider the following factors in assessing whether remand is warranted:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand] or abstention; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

*Resler,* 2019 Bankr.LEXIS 879, at *20-21 (citing *Fed. Home Loan Bank v. Banc of Am. Sec. LLC*, 448 B.R. 517, 525 (C.D. Cal. 2011)).[4] "[A]ny one of the relevant factors may provide a sufficient basis for equitable remand." *Fed. Home Loan Bank of Chicago v. Banc of Am. Sec. LLC*, 448 B.R. 517, 525 (C.D. Cal. 2011) (citation and internal quotation omitted).

Pursuant to its notice of removal, Sallyport identifies "related to" jurisdiction under section 1334 as the sole basis for this Court's exercise of jurisdiction. Sallyport specifically contends that this case is "related to" the DRO Bankruptcy because it could conceivable impact the administration of the Don Rose Oil bankruptcy estate. For the reasons discussed below, the case should be remanded to state court.

### 1. Effect on Administration of Estate & Degree Relatedness

While Sallyport acknowledges that the State Court Complaint constitutes a noncore proceeding, it maintains that the action is "related to" the DRO Bankruptcy. Proceedings are "related

---

[4] These are the same factors that courts consider when evaluating whether to permissively abstain from hearing an action. *See Resler*, 2019 Bankr.LEXIS 879, at 879, at *20. Consequently, the weighing of these factors will inform the decision on both abstention and remand.

to" a case under title 11 if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy," including the debtor's rights, liabilities, options or freedom of action, either positively or negatively, and "which in any way impacts upon the handling and administration of the bankruptcy estate." *Fietz v. Great W. Sav. (In re Fietz)*, 852 F.2d 455, 457 (9th Cir. 1988). Despite the comprehensive nature of "relating to" jurisdiction, such jurisdiction is not "limitless." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995).

Sallyport has not met its burden of demonstrating the conceivability of the impact of the State Court Complaint on the DRO Bankruptcy. On the contrary, Sallyport acknowledges that Don Rose Oil does not claim any direct ownership right in the Mineral Rights. Don Rose Oil instead holds only a membership interest in DRO Barite. Nowhere in the removal notice does Sallyport clearly articulate the value of Don Rose Oil's membership interest in DRO Barite. Rather, Sallyport makes only the conclusory statement that "divesting DRO Barite of the [] Mineral Rights would impact any residual interest the estate or its creditors have to distributions, if any, resulting from [the sale of the Mineral Rights]." (*See* Notice of Removal, ¶ 16).

Moreover, Sallyport makes the factually unsupportable claim that the State Court Complaint represents a "collateral attack" on the Eastern District Bankruptcy Court's dismissal of the SAC. (*See* Notice of Removal, ¶17). The record reflects that Plaintiff's claims were dismissed *without prejudice* and that the Eastern District Bankruptcy Court went out of its way to emphasize that the dismissal order has no preclusive effect. Sallyport is similarly mistaken insofar as it contends that the State Court Complaint constitutes impermissible claim-splitting. Indeed, Plaintiff no longer has any active claims pending before the Eastern District Bankruptcy Court. Even if it did, the claim-splitting doctrine does not prohibit overlapping or even identical federal and state actions. *See McBeath v. Tucson Tamale Co.*, 2017 U.S.Dist.LEXIS 14891, at *10-11 (D. Ariz. 2017) (discussing claim-splitting doctrine). Ultimately, in the absence of facts establishing the purported value of Don Rose Oil's membership interest in DRO and the prospect that this membership interest could be sold for the benefit of Don Rose Oil's creditors, Sallyport has not satisfied its burden of proving that this Court has "related to" jurisdiction.

///

Although Sallyport contends that the pending adversary action has the potential to impact the Mineral Rights vis-à-vis the parties to the action, there is no indication that a resolution of the adversary proceeding is imminent. Nor is there any suggestion in the removal notice that a sale of Don Rose Oil's interest in DRO Barite has even been explored, much less that such a sale is close to consummation and would be impacted by allowing Plaintiff to proceed with its claim in state court. Even if the adjudication of Plaintiff's claim is necessary to determining the value of Don Rose Oil's membership interest in DRO Barite, there is no reason the Eastern District Bankruptcy Court could not interpret and enforce a state court judgment making this adjudication. If remanded to state court, the State Court Complaint actually has the potential of being resolved more quickly than if the action were adjudicated in bankruptcy court as any bankruptcy court ruling would be subject to a *de novo* review given the non-core nature of Plaintiff's claim. All things considered, there is no basis on the face of the removal notice for concluding that the adjudication of the State Court Complaint in state court will adversely impact the administration of the DRO Bankruptcy.

### 2. Predominance of State Law Issues & Unsettled Nature of Law

Admittedly, the State Court Complaint does not require the resolution of unsettled issues of law. This being said, the complaint alleges a single claim based solely in state law. More specifically, the pleading enumerates a claim for quiet title under California's quiet title statute. There are no federal questions or issues raised in the State Court Complaint. As a result, the predominance factor weighs in favor of – and, on its own supports – remand. *See Mach. Zone, Inc. v. Peak Web, LLC*, 2017 U.S. Dist. LEXIS 17375, at *24 (D. Or. 2017) ("Courts have found [the predominance of state law] factor weighs in favor of remand and that a court may remand solely because exclusively state law claims are at issue and no bankruptcy issues are involved, even when straightforward state law claims are at issue."); *In re United Container LLC*, 284 B.R. 162 (Bankr. S.D. Fla. 2002) ("[W]hen a state court proceeding sounds in state law and bears a limited connection to a debtor's bankruptcy case, abstention is particularly compelling.").

### 3. Presence of Related Proceeding and Jurisdictional Bases

There are currently no active proceedings in state or other non-bankruptcy forums related to the issues raised in the State Court Complaint. As a result, the "presence of related proceedings"

factor is inapplicable. Moreover, as noted above, Sallyport's sole basis for removing the State Court Complaint to this Court was 28 U.S.C. § 1334. Nowhere in the remand notice does Sallyport even suggest an additional basis for federal jurisdiction. Thus, this factor weighs in favor of remand.

### 4. Severance Issues

Significantly, the Stats Court Complaint is brought against only non-debtors. Don Rose Oil is *not* a party to the action, which is indisputably a non-core proceeding. Because the action is a non-core proceeding that exclusively involves state law claims, the severance factor weighs in favor of remand. *See Special Value Continuation Partners, L.P. v. Jones*, 2011 Bankr. LEXIS 4475, at *28 (Bankr. S.D. Tex. 2011) (finding severance feasible where the lawsuit was between non-debtors, based entirely on state law causes of action, and based on events occurring prior to the bankruptcy proceedings).

### 5. Burden on Bankruptcy Court's Docket

The State Court Complaint would likely have no greater burden on the state court's docket than it would on this Court docket. Indeed, the action would require similar judicial resources in either forum. Given the non-core nature of the claim asserted in the State Court Complaint and possible need for a *de novo* review, the action would likely be more burdensome to the bankruptcy and district court dockets, especially if the action were transferred to the Eastern District Bankruptcy Court.[5]

### 6. Likelihood that Removal Involves Forum Shopping

Plaintiff does not have any reason to believe that Sallyport removed the State Court Complaint in bad faith or with an improper motive. This being said, the removal notice incorrectly alleges that a prior ruling from the Eastern District Bankruptcy Court has a preclusive effect on Plaintiff's claims and that Plaintiff has engaged in improper claim-splitting. These misstatements in the removal notice suggest that Sallyport removed the case in an effort to avoid the state court forum; after all, Sallyport could have easily asserted these defenses in the state court action.

---

[5] On June 19, 2018, the Hon. Lawrence J. O'Neill, Chief United States Judge for the U.S. District Court for the Eastern District of California, issued a letter to the U.S. Senate and House of Representatives detailing a caseload crisis affecting the court. *See* Important Letter Re: Caseload, U.S. District Court for the Eastern District of California, *http://www.caed.uscourts.gov/caednew/index.cfm/news/important-letter-re-caseload-crisis/* (last visited Nov. 27, 2019).

### 7. Existence of Right to Jury Trial

Under California law, "there is no right to a jury trial in a quiet title action which is fundamentally equitable in nature." *Estate of Phelps*, 223 Cal.App.3d 332, 340 (1990). It necessarily follows that the consideration of the right to a jury trial does not weigh in favor of or against remand.

### 8. Comity

Courts in the Ninth Circuit have recognized that:

> Without doubt, the state court is better able to hear and determine a suit involving questions of state law than is a bankruptcy court. A suit not based in federal law and only tangentially related to a pending bankruptcy should be remanded to the more experienced state forum for reasons of comity and pragmatism.

*In re Schwartz*, 2012 U.S. Dist. LEXIS 35361, at *6 (N.D. Cal. 2012) (citations and internal quotations omitted). Because the sole claim alleged in the State Court Complaint is based entirely in state law, considerations of comity weigh in favor of remand.

### 9. Prejudice to Other Parties

All of the parties to the State Court Complaint will have a full and fair opportunity to litigate the quiet title claim regardless of whether it is pursued in state court or this Court. While Sallyport notes that there is already an adversary case pending that tangentially deals with the same subject matter (i.e., the Mineral Rights), Plaintiff is not currently a party to that action. Moreover, Plaintiff's claims in the adversary were pled only once and never proceeded past this initial pleading stage. It would be equally (if not more) efficient to fully litigate the quiet title dispute in state court given the nature of the claim. As a result, the prejudice factor weighs in favor of remand.

## V. CONCLUSION

For the reasons set forth herein, the Court should remand this action back to state court.

DATED: November 27, 2019

**McGLINCHEY STAFFORD**

By: */s/ Brian A. Paino*
    BRIAN A. PAINO
Attorneys for *Plaintiff* **CONSOLIDATED RESOURCES, INC.**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

McGlinchey Stafford | 18201 Von Karman Avenue, Suite 350 | Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): _____
_____CONSOLIDATED RESOURCES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF_____
_____MOTION FOR AN ORDER REMANDING ACTION TO STATE COURT OR ABSTAINING FROM ASSERTING_____
_____JURISDICTION_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/27/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Hagop T Bedoyan    hagop.bedoyan@mccormickbarstow.com, terry.douty@mccormickbarstow.com
- Jamie P Dreher    jdreher@downeybrand.com, mfrazier@downeybrand.com;courtfilings@downeybrand.com
- Lori E Eropkin    leropkin@laklawyers.com, nlessard@laklawyers.com;smcfadden@laklawyers.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 11/27/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Wayne Johnson  
U.S. Bankruptcy Court  
3420 Twelfth Street, Suite 384  
Riverside, CA 92501-3819  

T. Scott Belden, Esq. | Belden, Blaine, Raytis  
5016 California Avenue, Suite 3 | Bakersfield, CA 93309  
Attorney for Randell Parker, Chapter 7 Trustee of Bankruptcy Case Don Rose Oil Co., Inc. and Defendant DRO Barite, LLC  

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/27/2019 | Carol Rico | /s/ Carol Rico |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                **F 9013-3.1.PROOF.SERVICE**